By: Michael I. Assad (#338972023)
Law Office of Mike Assad, P.C.
923 Haddonfield Road, Suite 336
Cherry Hill, NJ 08002
608-808-3300
mike@assad.law
*Attorney for Plaintiff*

## United States Bankruptcy Court
## District of New Jersey

| | | |
|---|---|---|
| In re: Ieisha Sharee Young, | Case No.: | 26-14839-JNP |
| *Debtor.* | Adv. No.: | 26-01224-JNP |
| Ieisha Sharee Young, | Chapter: | 7 |
| *Plaintiff,* | Judge: | Poslusny |
| v. | | |
| Public Service Electric and Gas Co., | | |
| *Defendant.* | | |

**Order Entering Default Judgment
Against Defendant Public Service Electric and Gas Co.**

The relief set forth on the following page is hereby **ORDERED**.

**Order Entering Default Judgment
Against Defendant Public Service Electric and Gas Co. (continued)**

This matter having come before the Court on the Request of Plaintiff Ieisha Sharee Young to enter default judgment against Defendant Public Service Electric and Gas Co. ("PSE&G"); the Court having considered the Request, the certifications of Michael I. Assad and Ieisha Sharee Young, the Clerk's entry of default, and the record in this proceeding; the Court finds that:

A. The Complaint and Summons were properly served on PSE&G under Fed. R. Bankr. P. 7004.

B. PSE&G failed to answer or otherwise respond to the Complaint within the time allowed, the Clerk entered PSE&G's default, and the well-pleaded allegations of the Complaint are deemed admitted.

C. PSE&G willfully violated the automatic stay under 11 U.S.C. §§ 362(a) and 362(k) by terminating Ms. Young's electric service after the petition date to collect a pre-petition debt, by failing to restore service when her counsel reported the bankruptcy, and by demanding payment of the pre-petition debt before restoring service.

D. PSE&G also violated 11 U.S.C. § 366(b) by discontinuing utility service within twenty days after the order for relief solely on the basis of an unpaid pre-petition debt.

E. PSE&G's conduct caused Ms. Young actual damages, including emotional distress, and its egregious and repeated conduct warrants punitive damages.

For those reasons, and for other good cause shown, it is hereby **ORDERED** that:

1. The Request to Enter Default Judgment is **GRANTED**, and default judgment is entered in favor of Plaintiff Ieisha Sharee Young and against Defendant Public Service Electric and Gas Co.

2. Ms. Young is awarded actual damages of $20,300.00, consisting of $300.00 in economic damages and $20,000.00 in emotional-distress damages.

3. Ms. Young is awarded punitive damages of $25,000.00.

4. Ms. Young is awarded attorney's fees and costs of $15,100.00, equal to one-third of the actual and punitive damages awarded.

5. Judgment is entered against PSE&G and in favor of Ms. Young in the total amount of **$60,400.00**, with post-judgment interest at the rate provided by 28 U.S.C. § 1961.

6.     PSE&G shall register an electronic noticing address with the Bankruptcy Noticing Center or regularly monitor the BNC's electronic notice portal for notices of bankruptcy filings.

7.     PSE&G is enjoined from altering, refusing, or discontinuing utility service to a debtor based solely on a pre-petition debt that is subject to the automatic stay or that falls within the period barred by 11 U.S.C. § 366(b).

8.     The Court retains jurisdiction to interpret and enforce this order.

*###*