By: Michael I. Assad (#338972023)
Law Office of Mike Assad, P.C.
923 Haddonfield Road, Suite 336
Cherry Hill, NJ 08002
608-808-3300
mike@assad.law
*Attorney for Plaintiff*

## United States Bankruptcy Court
## District of New Jersey

| | | | |
|---|---|---|---|
| In re: Ieisha Sharee Young, | | Case No.: | 26-14839-JNP |
| *Debtor*. | | Adv. No.: | 26-01224-JNP |
| Ieisha Sharee Young, | | Chapter: | 7 |
| *Plaintiff*, | | Judge: | Poslusny |
| v. | | | |
| Public Service Electric and Gas Co., | | | |
| *Defendant*. | | | |

**Brief in Support of Plaintiff's Request to Enter Default Judgment**

**Background**

Over four years ago, the Bankruptcy Noticing Center ("BNC") informed Defendant Public Service Electric and Gas Co. that it would not receive paper bankruptcy notices from the BNC after May 1, 2022. (Compl. ¶ 18.) Because PSE&G failed to comply with the BNC's request that it register an electronic noticing address with the BNC, the BNC began sending bankruptcy notices through a portal controlled by the BNC (the "MEBN Portal"). (*Id.* ¶¶ 16-18.) The BNC informed PSE&G that it would receive bankruptcy notices only through that portal after May 1, 2022. (*Id.* ¶¶ 18-19.) At that point, PSE&G assumed an ongoing duty and obligation to regularly, consistently,

and reasonably access and review the MEBN Portal to ensure that it had appropriate notice of all bankruptcy cases filed by its customers. (*Id.* ¶ 20.)

Plaintiff Ieisha Sharee Young was one of those customers. (*Id.* ¶ 23.) She filed a bankruptcy petition under chapter 7 on April 30, 2026. (*Id.* ¶ 9.) Before filing, she had accrued a debt to PSE&G for electric service to her primary residence, where she lives with her two minor children. (*Id.* ¶¶ 21, 24.) Ms. Young listed PSE&G on her creditor matrix, and it was notified of her bankruptcy case the day after she filed through the MEBN Portal. (*Id.* ¶ 26.) But because PSE&G failed to check the MEBN Portal, it did not know about Ms. Young's bankruptcy case. (*Id.* ¶ 27.)

Thirteen days after Ms. Young filed for bankruptcy, and twelve days after the BNC sent notice of the bankruptcy to PSE&G, PSE&G terminated Ms. Young's electric service for non-payment of a pre-petition debt. (*Id.* ¶¶ 28, 30–31.) When Ms. Young's attorney called PSE&G to notify them of the bankruptcy case and tell them that they were violating the automatic stay, PSE&G showed no urgency, took no action to correct the violation, and said that Ms. Young would have to call herself to resolve the issue. (*Id.* ¶¶ 32–33.) When Ms. Young called PSE&G and informed them of her bankruptcy case, PSE&G told her that she would need to pay to have her service restored. (*Id.* ¶¶ 34–35.) They agreed to restore her service without payment only after she pushed back and asserted her rights under the Bankruptcy Code. (*Id.* ¶ 36.)

PSE&G restored Ms. Young's electric service later that day, but the damage was done. (Young Cert. ¶¶ 13–14.) Ms. Young was emotionally distraught by the thought of her children coming home to a dark house. (*Id.* ¶ 9.) She was humiliated by the disconnection notice PSE&G posted on her front door. (*Id.* ¶ 16.) And she was angry about the $300 worth of spoiled food in her refrigerator and the time she had to take away from work to call PSE&G. (*Id.* ¶¶ 10, 15.)

Ms. Young filed this adversary proceeding on May 15, 2026. Three days later, the Clerk issued a Summons fixing June 17, 2026, as the deadline for PSE&G to answer or otherwise plead against the Complaint. (Assad Cert. ¶ 5.) She served the Complaint and Summons on PSE&G's Chief Legal Officer by certified and regular mail. (*Id.* ¶ 6.) The certified copy was received by PSE&G on May 26, 2026. (*Id.* ¶ 8.) However, PSE&G never answered or otherwise responded to the Complaint, so the Clerk entered default on June 18, 2026. (*Id.* ¶¶ 9–10.)

Ms. Young now asks that the Court enter a default judgment against PSE&G and award her actual damages, punitive damages, and attorney's fees.

**Argument**

The Complaint and Summons were properly served on PSE&G under Fed. R. Bankr. P. 7004. *See In re Shepherd*, 2018 WL 6132031, at *2 (Bankr. D.N.J. Oct. 29, 2018). Because PSE&G failed to answer or otherwise plead within the time allowed, the Complaint's well-pleaded allegations are deemed admitted, and only the amount of Ms. Young's damages remains for the Court to determine. *Comdyne I v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

## I.   PSE&G violated the automatic stay, several times.

The Complaint's well-pleaded allegations establish every element of a claim for violation of the automatic stay under 11 U.S.C. § 362(k): that the creditor violated the stay, that the violation was willful, and that it caused injury. *In re Manley Toys*, 2018 WL 1033426, at *3 (Bankr. D.N.J. Feb. 14, 2018). Here, PSE&G violated 11 U.S.C. § 362(a) by shutting off Ms. Young's electricity to collect a pre-petition debt, and the shutoff injured her.

PSE&G's actions were willful because it intended to coerce payment of a pre-petition debt from Ms. Young, and it had notice of the bankruptcy. A violation is willful when the creditor knew of the bankruptcy and intended the act that violated the stay, and the creditor's good-faith belief

3

that it was not violating the stay does not matter. *Manley Toys*, 2018 WL 1033426, at *3; *In re Lansaw*, 853 F.3d 657, 664 n.4 (3d Cir. 2017). PSE&G's ignorance of the bankruptcy, despite proper notice, was unreasonable. A creditor cannot manufacture ignorance of a bankruptcy by ignoring notices and then disclaim willfulness for that ignorance. *See In re Minarik*, 675 B.R. 158, 172 (Bankr. E.D. Pa. 2025).

PSE&G committed two more stay violations after being told that Ms. Young was a debtor in bankruptcy. When her attorney called to report the bankruptcy, PSE&G let the shutoff continue. That was the second violation. When she called, PSE&G demanded that she pay a pre-petition debt before it would restore service. That was the third violation.

## II.     Because PSE&G violated the automatic stay, it must pay.

### A.     Ms. Young is entitled to compensation for the actual damages she suffered.

Section 362(k)(1) entitles an injured debtor to recover her actual damages, including costs and attorney's fees. Her economic loss is straightforward. The shutoff spoiled about $300 worth of food in Ms. Young's refrigerator and freezer, and she proves that loss to a reasonable certainty.

Her emotional distress is compensable too because emotional-distress damages are "actual damages" under § 362(k)(1). No medical evidence is required when a debtor presents credible testimony of the harm caused. *Lansaw*, 853 F.3d at 667–69; *Minarik*, 675 B.R. at 172–73. The distress Ms. Young described is exactly the harm those cases compensate: the fear of her children coming home to a dark house, the humiliation of the notice on her front door, and the hours she lost trying to fix it all. U.S. Bankruptcy Judge Patricia M. Mayer of the Eastern District of Pennsylvania recently awarded a debtor $20,000 for a utility's threats to shut off his power for nonpayment of a pre-petition debt. *Minarik*, 675 B.R. at 173. Because PSE&G actually shut off power here, $20,000 fairly measures the distress it caused.

Ms. Young's attorney's fees are actual damages as well. *Manley Toys*, 2018 WL 1033426, at *8–9. Ms. Young is indigent and cannot pay a lawyer by the hour to sue a utility. She was able to bring this action only because her attorney agreed to a one-third contingency. That arrangement is reasonable, so the Court should award fees equal to one-third of her recovery.

**B.      PSE&G's egregious conduct warrants punitive damages.**

This Court may award punitive damages to punish and deter outrageous conduct. *Manley Toys*, 2018 WL 1033426, at *8. It must do so here because PSE&G's conduct was outrageous and repetitive.

In all, PSE&G violated the stay three times. Each violation grew from PSE&G's repeated decision to ignore bankruptcy notices, a failure that its default concedes has caused stay violations in other cases. (Compl. ¶¶ 39–40.) That is the kind of reprehensible, systemic disregard for which punitive damages are intended. *Lansaw*, 853 F.3d at 669–71.

An award of $25,000 is appropriate. For a lender that disabled a debtor's car through a remote "kill switch," a court in this Circuit imposed $25,000 in punitive damages, stressing the creditor's predatory treatment of a vulnerable customer. *In re Glenn*, 2026 WL 970383, at *8–9 (Bankr. E.D. Pa. Apr. 9, 2026). PSE&G did the same with an essential utility, and for the same purpose. Measured against $20,300 in compensatory damages, $25,000 is well within what due process allows, *State Farm v. Campbell*, 538 U.S. 408, 425 (2003), and modest beside awards courts in this Circuit have sustained, *Lansaw*, 853 F.3d at 671 (affirming $40,000). Because PSE&G serves millions of customers, a smaller sum would be a slap on the wrist rather than a meaningful deterrent. *In re Vu*, 591 B.R. 596, 607 (Bankr. E.D. Pa. 2018).

### III.   Conclusion

For these reasons, the Court should enter default judgment against PSE&G and award Ms.

Young $20,300 in actual damages, $25,000 in punitive damages, and attorney's fees and costs equal

to one-third of her recovery.

Date: June 23, 2026                          **LAW OFFICE OF MIKE ASSAD, P.C.**
                                             *Attorney for Plaintiff*

                                             By: /s/ Michael I. Assad
                                                 Michael I. Assad